IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TETSUYA NOMURA,<br><br>    Plaintiff,<br><br>  v.<br><br>YOU TUBE LLC.,<br><br>    Defendant.<br>_____/ | No. C 11-01208 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND** |

Defendant YouTube LLC ("YouTube") has moved to dismiss plaintiff's complaint. The motion is scheduled for a hearing on November 4, 2011. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS defendant's motion to dismiss.

On March 11, 2011, plaintiff filed a complaint against YouTube, alleging infringement of U.S. Patent No. 7,254,622 ("the '622 Patent"). Plaintiff alleges that YouTube used the "methodology" of the '622 Patent and "may have" violated 35 U.S.C. §§ 102 (a)-(b), 103(a), and 154(d). Compl. ¶ 4. On the same day, plaintiff filed an identical complaint against Amazon.com, Inc. ("Amazon") alleging infringement of the '622 Patent based on Amazon's use of the "methodology" of the '622 Patent and possible violations of 35 U.S.C. §§ 102 (a)-(b), 103(a), and 154(d). *Tetsuya v. Amazon.com, Inc.*, C11-01210 HRL, 2011 WL 2472557, at *1 (N.D. Cal. June 22, 2011) (Lloyd, J.).

**United States District Court**
For the Northern District of California

On June 22, 2011, Judge Lloyd dismissed plaintiff's complaint against Amazon for the following reasons:

> [A] claim is plausible if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Tetsuya's Complaint fails to do so. For instance, Tetsuya fails to allege which claims of the '622 Patent have been infringed and what Amazon products or services infringe them and how. Instead, he simply alleges that the '622 Patent 'was violated by [Amazon] by using the methodology associated in the patents [sic] outlines business model . . . .' Complaint at 1. This is not enough. Tetsuya's references to 35 U.S.C. §§ 102(a)-(b), 103, and 154(d) are also unclear. 35 U.S.C. §§ 102 and 103 involve patentability, not infringement. And 35 U.S.C. § 154(d) involves a patent owner's provisional rights to reasonable royalties, but Tetsuya never alleges that Amazon had actual notice of the '622 Patent, a requirement under that section. 35 U.S.C. § 154(d)(1). In sum, Tetsuya's Complaint fails to state a claim upon which relief can be granted.

*Id.* (internal citations omitted).

The plaintiff's complaint against YouTube is deficient for the same reason that Judge Lloyd found the complaint against Amazon to be deficient: it fails to state a claim upon which relief can be granted, because its factual content does not allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

Accordingly, the Court GRANTS defendant's motion to dismiss. If plaintiff wishes to amend the complaint, he must do so by **December 4, 2011**.

(Docket No. 23)

**IT IS SO ORDERED.**

Dated: November 2, 2011

SUSAN ILLSTON
United States District Judge