| | |
|---|---|
| Bryan J. Sinclair (SBN 205885)<br>bryan.sinclair@klgates.com<br>K&L GATES LLP<br>630 Hansen Way<br>Palo Alto, CA 94304<br>Telephone: (650) 798-6700<br>Facsimile: (650) 798-6701<br><br>Sara N. Kerrane (SBN 259239)<br>sara.kerrane@klgates.com<br>K&L GATES LLP<br>1900 Main Street, Suite 600<br>Irvine, CA 92614-7319<br>Telephone: (949) 253-0900<br>Facsimile: (949) 253-0902<br><br>Attorneys for Defendant<br>YOUTUBE LLC | Daniel S. Mount, Esq. (Cal. Bar No. 77517)<br>Kevin M. Pasquinelli, Esq. (Cal. Bar No. 246985)<br>Mount, Spelman & Fingerman, P.C.<br>RiverPark Tower, Suite 1650<br>333 West San Carlos Street<br>San Jose CA 95110-2740<br>Phone: (408) 279-7000<br>Fax:    (408) 998-1473<br>Email: dmount@mount.com;<br>kpasquinelli@mount.com;<br><br>Counsel for Plaintiff<br>Joe Nomura |

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| TETSUYA JOE NOMURA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>YOUTUBE, LLC,<br><br>　　　　　Defendant.<br><br>YOUTUBE, LLC,<br><br>　　　　　Counterclaimant,<br><br>　vs.<br><br>TETSUYA JOE NOMURA,<br><br>　　　　　Counterdefendant. | Case No. CV 11-01208 HRL<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>CMC Hearing:<br>April 24, 2012 – 1:30 P.M.<br>Courtroom 2, 5th Floor<br>Magistrate Judge Howard R. Lloyd<br>**[Joint Request for Continuance To May 8, 2012 Included]** |

The parties respectfully submit the following Joint Case Management Statement for the Court's consideration.

**1.      Jurisdiction and Service.**

Plaintiff Nomura ("Mr. Nomura") raises a single cause of action in its amended complaint arises under the United States patent laws, Title 35, United States Code.  This Court has subject matter jurisdiction over those claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).  No issue exists as to personal jurisdiction or venue, and no parties remain to be served.

**2.      Facts.**

**a.      Brief Case Summary.**

Mr. Nomura brings forth this lawsuit against defendant YouTube, LLC ("YouTube") alleging that YouTube has and continues to infringe one or more claims of U.S. Patent No. 7,254,622 ("the '622 patent"), entitled "Video-On-Demand System."  YouTube denies Mr. Nomura's allegations.

**b.      Procedural Posture.**

Mr. Nomura, requesting to proceed *pro se* and *in forma pauperis*, filed his complaint alleging patent infringement against YouTube in this Court on March 11, 2011. (Dkt. No. 1).  YouTube filed a motion to dismiss for failure to state a claim upon which relief can be granted on July 29, 2011 (Dkt. No. 23), which the Court granted on November 2, 2011 (Dkt. No. 44), with leave to amend. Mr. Nomura filed an amended complaint on January 10, 2012 (Dkt. No. 47), and YouTube filed its answer and counterclaims for declaratory judgment of non-infringement and invalidity on January 24, 2012. (Dkt. No. 49).  On January 31, 2012, YouTube filed a Consent to Proceed before Magistrate Judge (Dkt. No. 51) and Motion for IntraDistrict Venue Transfer (Dkt. 52).  Following Mr. Nomura's engagement of counsel, the parties submitted a Stipulation Related to IntraDistrict Transfer and Reassignment (Dkt. 59) and the Court (Judge Illston) entered an Order granting the stipulation and reassigning this case to Magistrate Judge Howard R. Lloyd on March 6, 2012 (Dkt. No. 61).  The pleadings are currently joined.

**3.      Legal Issues.**

The issues set forth below are not meant to be final or exhaustive, and the parties reserve their respective rights to reformulate these issues or include other appropriate issues as they develop or

become known to the parties through the course of discovery and investigation.

      a.      Whether any YouTube product or service infringes any claim of the '622 patent, by any means, direct or indirect..

      b.      Whether the '622 patent is valid and enforceable.

      c.      Whether Mr. Nomura is entitled to recover damages from YouTube and, if so, a determination of what the appropriate reasonably royalty, or other measurement of damages, is for the alleged infringement of the '622 patent, and the date of first alleged infringement.

**4.** **Motions.**

The parties anticipate that motions may be filed in compliance with the Northern District of California Patent Local Rules. In addition, the parties anticipate that they may file dispositive motions, depending on the evidence that is produced during the discovery and investigative processes.

**5.** **Amendment of Pleadings.**

Mr. Nomura anticipates making further amendments to his pleadings. The parties submit that the deadline to amend pleadings should be sixty (60) days after the April 24, 2012 Case Management Conference hearing.

**6.** **Evidence Preservation.**

The parties have taken reasonable steps to preserve evidence relevant to the issues reasonably ascertainable in this action.

**7.** **Disclosures.**

The parties propose to exchange initial disclosures pursuant to Fed. R. Civ. P.26(a) thirty (30) days after the April 24, 2012 Case Management Conference hearing.

**8.** **Discovery.**

To date, no discovery has been taken by any party. Other than the change noted above, the parties do not propose any other changes with regard to the timing, form, or requirement for disclosures under Fed. R. Civ. P. Rule 26(a). The parties have not agreed to any limitations on the subject matter of discovery, and retain the right to pursue discovery on any topic to which they are entitled under the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Discovery

1  Orders entered by this Court.  The parties agree to complete discovery within the time limits to be set
2  by the Court.  Should the need arise at a later date to amend these deadlines, the parties may request
3  such modification by stipulation and order or motion supported by good cause.

4  **9.     Class Actions.**

5  N/A.

6  **10.    Related Cases.**

7  Case No. CV 11-01210 HRL styled Nomura v. Amazon.com, Inc. (the "Amazon Case") is
8  also pending before this Court.  The Amazon Case involves the same plaintiff, plaintiff's counsel,
9  patent-in-suit, and defense counsel as the instant case.

10  **11.    Relief.**

11  As his remedies in the case, Plaintiff Nomura seeks:

12         a.    A judgment finding YouTube liable for infringement of the '622 patent, by any
13  means direct or indirect;

14         b.    Damages and injunctive relief.

15  As it remedies, YouTube seeks:

16         a.    A judgment dismissing Mr. Nomura's claim for patent infringement against
17  YouTube and denying any relief sought;

18         b.    A declaration that YouTube does not infringe the '622 patent;

19         c.    A declaration that the '622 patent is invalid or unenforceable; and

20         d.    Such other and further relief as the Court deems just and proper.

21  **12.    Settlement and ADR.**

22  The parties have conducted ADR calls under the ADR requirements of the Northern District
23  of California.  The parties have not yet conducted mediation in the case and propose a deadline by
24  which to conduct mediation of June 25, 2012. The parties are continuing efforts to resolve the case
25  through ongoing negotiations.

26  **13.    Consent to Magistrate Judge for All Purposes.**

27  The parties previously consented to assignment of this action to the Honorable Howard R.
28  Lloyd for all purposes.  (*See* Dkt. Nos. 51 and 59).

**14.** **Other References.**

At this time, the parties do not believe the case is suitable for reference to binding arbitration, a special master, or to the Judicial Panel on Multidistrict Litigation. However, the parties reserve their respective rights to make such request(s) should it be deemed necessary and/or appropriate in the future.

**15.** **Narrowing of Issues.**

The parties are not currently aware of any issues that can be narrowed by agreement or motion. The parties expect that infringement contentions, claim construction proceedings, summary judgment motion practice and the ADR process may result in significant narrowing of issues.

**16.** **Expedited Trial Procedure.**

The parties do not believe that this type of case can be handled on an expedited basis with streamlined procedures.

**17.** **Scheduling.**

Lead counsel for YouTube presently has a pre-existing conflict on April 24, 2012 (the current date set for the Case Management Conference). The parties are agreeable to continuing the Case Management Conference for two weeks until May 8, 2012 to allow for the attendance of YouTube's lead counsel should the Court's calendar permit a brief continuance of the conference.

The parties propose the following schedules for discovery and court dates and requests that the Court enter a scheduling order establishing these dates as deadlines, or such other dates and deadlines as the Court may deem appropriate.

| Event | Parties' Proposed Schedule |
|---|---|
| Initial Case Management Conference | May 8, 2012[1] |
| Rule 26 initial disclosures | May 25, 2012 |
| Deadline to amend pleadings | June 25, 2012 |
| Deadline to conduct mediation | June 25, 2012 |
| Mr. Nomura's Disclosure of Asserted Claims and Infringement Contentions and accompanying | May 18, 2012 |

---

[1] The Case Management Conference in this case is currently set for April 24, 2012. (Dkt. No. 62).

4

| | |
|---|---|
| document production (Patent L.R. 3-1 and 3-2) | |
| YouTube's Disclosure of Invalidity Contentions and accompanying document production (Patent L.R. 3-3 and 3-4) | July 2, 2012 |
| Exchange of Proposed Terms and Claim Elements for Construction (Patent L.R. 4-1) | July 16, 2012 |
| Exchange of Preliminary Claim Constructions and Preliminary Identifications of Extrinsic Evidence (Patent L.R. 4-2) | August 6, 2012 |
| Joint Claim Construction and Pre-hearing Statement (Patent L.R. 4-3) | August 31, 2012 |
| Joint Claim Construction Discovery Cut-off (Patent L.R. 4-4) | October 1, 2012 |
| Mr. Nomura's Opening Claim Construction Brief (Patent L.R. 4-5(a)) | October 15, 2012 |
| YouTube's Responsive Claim construction brief (Patent L.R. 4-5(b)) | October 29, 2012 |
| Mr. Nomura's Reply Claim Construction Brief (Patent L.R. 4-5(c)) | November 5, 2012 |
| Patent Tutorial | At Court's convenience |
| Claim Construction Hearing (Patent L.R. 4-6) | At Court's convenience |
| Fact discovery cut-off | To be determined, based on Court's availability r |
| Deadline for expert reports for issues on which the parties bear the burden | To be determined, based on Court's availability |
| Deadline for rebuttal expert reports | To be determined, based on Court's availability |
| Expert discovery cut-off | To be determined, based on Court's availability |
| Deadline for filing of dispositive and *Daubert* motions | To be determined, based on Court's availability |
| Hearing on dispositive and *Daubert* motions | To be determined, based on Court's availability |
| Final pretrial conference | To be determined, based on Court's availability |
| Trial begins | To be determined, based on Court's availability |

5

JOINT CASE MANAGEMENT STATEMENT                Case No. CV 11-01208 HRL

**18. Trial.**

Mr. Nomura expects that the trial will last five court days. YouTube expects that the trial will last three to four court days. The parties have demanded a jury trial. At this time, the parties do not believe bifurcation is a viable alternative in this case.

**19. Disclosure of Non-Party Interested Entities or Persons.**

The parties are currently unable to provide any information on related parties.

**20. Other Items.**

The parties remain interested in pursuing reasonable, good faith settlement negotiations. There are no other currently known options or items that may facilitate the just, speedy, and inexpensive disposition of this matter.

K&L GATES LLP

Dated: April 11, 2011          By:   /s/ *Bryan J. Sinclair*
                                     Bryan J. Sinclair
                                     Sara N. Kerrane

                                     Attorneys for Defendant
                                     YOUTUBE LLC

Date: April 11, 2012           Mount, Spelman & Fingerman, P.C.


                                      /s/ Kevin M. Pasquinelli
                                     Kevin M. Pasquinelli
                                     Daniel S. Mount

                                     Attorneys for Plaintiff Nomura

PL-64873 v3