*E-FILED: August 28, 2013*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TETSUYA JOE NOMURA,<br><br>          Plaintiff,<br><br>    v.<br><br>YOUTUBE, LLC,<br><br>          Defendant. | No. C11-1208 HRL<br><br>**ORDER GRANTING-IN-PART AND DENYING-IN-PART YOUTUBE'S ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>[Re: Docket Nos. 121, 124] |

## I. YOUTUBE'S SEALING REQUESTS

YouTube LLC ("YouTube") first requests a court order sealing: (1) portions of YouTube's motion for summary judgment of noninfringement; (2) portions of the declaration of Andy Berkheimer in support of the motion, and exhibits B, C, D, and E to the declaration; and (3) exhibits B and D to the declaration of Sara N. Kerrane in support of the motion. Exhibits B, C, D and E to the Berkheimer declaration are, respectively:

- plaintiff Tetsuya Joe Nomura's ("Nomura") supplemental infringement contentions of September 26, 2012;

- a Google in-house power point presentation that includes a diagram of the YouTube system architecture, *see* Bates No. GOOG-TETS-00001600;

- a Google in-house power point that includes a slide regarding user accessibility to a specific server within the YouTube system architecture, *see* Bates No. GOOG-TETS-00001844; and

1     •     a Google in-house document that explains the purpose of one remotely accessible server in the YouTube system, *see* GOOG-TETS-00001031.

Exhibits B and D to the Kerrane declaration are, respectively:

- Nomura's supplemental infringement contentions of September 26, 2012; and
- the certified transcript of Nomura's deposition.

YouTube also requests a court order sealing portions of YouTube's motion to dismiss for failure to prosecute and the exhibits A, B, C, and D to the declaration of Sara N. Kerrane in support thereof. Exhibits A, B, C, and D to the Kerrane declaration are, respectively:

- plaintiff Tetsuya Joe Nomura's ("Nomura") infringement contentions of May 18, 2012;
- Nomura's revised infringement contentions of July 8, 2012;
- Nomura's supplemental infringement contentions of September 26, 2012; and
- the certified transcript of Nomura's deposition.

## II. ANALYSIS

To be sealable a document must be "privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(a). Under the local rules, "[a] stipulation, or a blanket protective order that allows a party to designate documents as sealable, will not suffice to allow the filing of documents under seal" for that reason alone. *Id.* "Compelling reasons" are required to seal documents used in dispositive motions. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

Having thoroughly reviewed the documents, the court finds that the majority do not contain any information that is "privileged or protectable as a trade secret or otherwise entitled to protection under the law." YouTube primarily asks the court to seal information that is highly relevant to the resolution to the motions before it, largely publicly available, and otherwise non-confidential:

- Nomura's infringement contentions in this case are highly relevant to the court's resolution of YouTube's motion for summary judgment of noninfringement. All of the infringement contentions that YouTube requests to seal are based on publicly available

documents and are not otherwise legally protectable. The court **DENIES** YouTube's request to file any of the infringement contention exhibits under seal.

- Nomura's deposition testimony is highly relevant to the resolution of both motions and does not reveal any legally protectable information. The court **DENIES** YouTube's request to file any of Nomura's deposition testimony exhibits under seal.
- With respect to Google's in-house documents (exhibits B, C and D to the Berkheimer declaration) the court concludes that they are sufficiently confidential proprietary documents that, if publicly disclosed, could put Google at a competitive disadvantage, and are thus legally protectable. The court **GRANTS** YouTube's request to file these exhibits under seal.
- With respect to the Berkheimer declaration, Mr. Berkheimer's general explanation of the architecture and functionality of the YouTube video distribution system is highly relevant to the resolution of the summary judgment motion for noninfringement. Although Mr. Berkheimer cites sealed exhibits B, C, and D (each in just one instance) to support his characterization of the YouTube video distribution system, he does not actually cut and paste from the sealed exhibits or otherwise reveal any of Google's proprietary information in his declaration. Weighing the high relevance of his declaration against the low potential for any competitive harm to YouTube or Google as a result of public disclosure, the court concludes that the Berkheimer declaration is not sealable. Except to the extent Mr. Berkheimer is cutting and pasting or quoting directly from the exhibits to reveal proprietary information (although the court cannot find such an instance), the court **DENIES** YouTube's request to seal portions of the Berkheimer declaration.

### III. ORDER

For the foregoing reasons, the court **DENIES-IN-PART** and **GRANTS-IN-PART** YouTube's sealing motions as outlined above.

With respect to the non-sealable materials, YouTube shall file the materials in the public record within four days, or withdraw the materials from the case, in accordance with Civil Local Rule 79-5(e).

With respect to the Berkheimer declaration, YouTube has until September 4, 2013 to file an amended, narrowly tailored sealing request with *specific* redactions supported by compelling reasons, as outlined above. Alternatively, YouTube may simply file the Berkheimer declaration in the public record with the remainder of the non-sealable materials.

IT IS SO ORDERED.

Dated: August 28, 2013

Magistrate Judge Howard R. Lloyd