United States District Court
For the Northern District of California

1

2

3

4

5

6

NOT FOR CITATION IN THE

7

UNITED STATES DISTRICT COURT

8

NORTHERN DISTRICT OF CALIFORNIA

9

SAN JOSE DIVISION

10

11

12 | TETSUYA JOE NOMURA,        | Case No. C-11-01208 HRL

13 |          Plaintiff,

14 | v.

15 | YOUTUBE, LLC,

16 |          Defendant.

**ORDER GRANTING DEFENDANT
YOUTUBE, LLC'S MOTION FOR
SUMMARY JUDGMENT OF
NONINFRINGEMENT AND
DENYING DEFENDANT YOUTUBE,
LLC'S MOTION TO DISMISS FOR
FAILURE TO PROSECUTE
PURSUANT TO F.R.C.P. 41(b)**

17

18

**[Re: Docket Nos. 122, 125, 134[1]]**

19

20        On July 18, 2013, defendant YouTube, LLC ("YouTube") filed concurrent motions for

21 summary judgment of noninfringement of U.S. Patent No. 7,254,622 ("'622 Patent") and to dismiss

22 for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Dkt. Nos. 122, 125.  On

23 September 10, 2013, the court held a hearing on YouTube's motions.  At the time of the claim

24 construction briefing and hearing, plaintiff Tetsuya Joe Nomura ("Nomura") was proceeding with

25 the assistance of counsel.  Following the court's Claim Construction Order, Nomura filed a motion

26 for substitution of counsel, Dkt No. 97, and Nomura's counsel filed a motion to withdraw as

27

28

---

[1] Unredacted motion for summary judgment of noninfringement.

ORDER GRANTING SUMMARY
JUDGEMENT OF NONINFRINGEMENT          - 1 -
Case No. C-11-01208 HRL

1  counsel, Dkt. No. 101, which the court granted on April 11, 2013, Dkt. No. 107. Nomura is

2  currently proceeding *pro per*.

3          Because YouTube has demonstrated that its accused products do not meet multiple claim

4  limitations of the '622 Patent as construed by the court, and Nomura has identified no genuine issue

5  to preclude summary judgment, the court: (1) GRANTS YouTube's motion for summary judgment

6  of noninfringement; and (2) DENIES YouTube's motion to dismiss for failure to prosecute as moot.

7                                    **I.   BACKGROUND**

8          **A. The '622 Patent and the Claim Construction**

9          Nomura owns the '622 Patent, titled "Video-on-Demand [("VOD")] System." A detailed

10  description of the claimed invention is contained in the court's February 8, 2013 Claim Construction

11  Order. Dkt. No. 90 at 2-3. The '622 Patent is generally directed to a three tiered architecture for

12  inputting, converting, and storing video data files that are ultimately accessed, downloaded, and

13  viewed by customers. Most relevant to the courts noninfringement determination are four features

14  discussed below that are required by every claim of the '622 Patent.

15          First, the first and second tiers of Nomura's VOD system are "configured to not be remotely

16  accessible by customers." '622 Patent, claims 1 and 12.[2] The court construed this term to mean that

17  the first and second tiers are "configured to prevent or deny access by a customer's remote device."

18  Claim Construction Order 5-7. Thus, customers, or "system users,"[3] can only directly download

19  video files that are stored in the third tier of the VOD system, which is a remotely accessible server.

20  '622 Patent col.6 ll.46-48.

21          Second, under the parties' agreed upon claim construction adopted by the court, the video

22  files in the second-generation video data storage unit (or "tier 2") are "organized by category and

23  indexed in master files." Claim Construction Order 7.

24          Third, Nomura's VOD system contains "an error detection system"[4] that monitors the

25  downloading of video data. The error detection system stops the downloading of the video data file

26  if an error is detected, and restarts the downloading from just before the point of corruption. *See*

27  _____
[2] Claims 1 and 12 are the independent claims in the '622 Patent, from which all the other claims
28  depend. Thus, all claims in the patent contain this limitation.
[3] The parties stipulated that the claim term "customers" means "system users."
[4] The court adopted the plain and ordinary meaning for "error detection system."

ORDER GRANTING SUMMARY
JUDGEMENT OF NONINFRINGEMENT
Case No. C-11-01208 HRL

*(left margin, vertical text)* **United States District Court** **For the Northern District of California**

*e.g.*, '622 Patent col.1 ll.7-23, 45-49.  In the event of repeated errors during downloading, the claims require that the error detection system "restore"[5] the data file from a lower tier server, or from a back-up data storage unit.  *Id.*

Fourth, all of the claims of the '622 Patent require a "high speed data link" configured "to prevent uploading of video data files from the high tier server [or] customer to the lower tier server."  Claim Construction Order 17-18.  Such unidirectional flow of data resists data corruption on of the video data files on the lower tier server.  *See id.*; '622 Patent col.1 ll.42-44.

Dependent claim 10 and independent claim 12 also require that the VOD system inputs video data in the first instance into "first" and "second" data input stations.  Based on claim differentiation and the clear language in the specification, the court construed the "first data input station" to require a hardware device.  Claim Construction Order 9-11.

**B. The Accused Product**

Nomura accuses YouTube's video sharing system of infringing claims 1 through 12 of the '622 Patent.  YouTube's accused system also includes three tiers similar to the tiers disclosed in the '622 Patent: (1) a "Core Data Center" or "Core" server that correlates to the tier 1 first generation storage unit of Nomura's VOD system; (2) numerous "Tailserve" servers that are similar in general functionality to the tier 2 second generation storage unit of Nomura's VOD system; and (3) "Edge Cache" servers which are similar in general functionality to the tier 3 remotely accessible servers in Nomura's VOD system.

However, YouTube's video sharing system differs from Nomura's VOD system in a variety of ways.  First, YouTube system users *can* make direct connections to YouTube's Core server (tier 1) and Tailserve servers (tier 2).  Berkheimer Decl. ¶¶ 8, 9, Dkt. No. 135.  Second, YouTube's Tailserve servers function as "a mid-tier caching node[s] for less popular content."  *Id.* ¶ 9 and Ex. D.  According to YouTube, the video files in the Tailserve servers are not "organized by category and indexed in master files."  *Id.* ¶ 10.  Third, YouTube's video sharing system deletes or destroys corrupt video data files, but never restores these corrupt files.  *Id.* ¶ 12.  Fourth, pursuant to the Transmission Control Protocol version RFC791, video files within YouTube's video sharing system

United States District Court
For the Northern District of California

---

[5] The court adopted the plain and ordinary meaning for the term "restore."

ORDER GRANTING SUMMARY
JUDGEMENT OF NONINFRINGEMENT                     - 3 -
Case No. C-11-01208 HRL

flow bi-directionally throughout the system servers. *Id.* ¶ 13 and Ex. E. Finally, all video files initially uploaded to YouTube's video sharing system are electronically transferred to the Core server by a system user. *Id.* ¶ 11. Thus, YouTube's system does not include a hardware device that is capable of initially uploading video data files from their original storage media. *Id.*

## II. ANALYSIS

### a. Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 447 U.S. 317, 322-23 (1986). Where a defendant seeks summary judgment of noninfringement, "nothing more is required than the filing of . . . a motion stating that the patentee had no evidence of infringement and pointing to the specific ways in which accused systems did not meet the claim limitations." *Exigent Tech. v. Atrana Solutions, Inc.*, 442 F.3d 1301, 1309 (Fed. Cir. 2006). If the movant makes such a showing, the burden of production then shifts to the patentee to "identify genuine issues that preclude summary judgment." *Optivus Tech., Inc. v. Ion Beam Applications S.A.*, 469 F.3d 987, 990 (Fed. Cir. 2006). Infringement is a question of fact that "is amenable to summary judgment where, *inter alia*, no reasonable fact finder could find infringement." *Ethicon Endo-Surgery, Inc. v. U.S. Surgical Corp.*, 149 F.3d 1309, 1315 (Fed. Cir. 1998). As with any summary judgment motion, the court views all facts in a light most favorable to the nonmoving party and draws all reasonable inferences in its favor. *IMS Tech., Inc. v. Haas Automation, Inc.*, 206 F.3d 1422, 1429 (Fed. Cir. 2000). "[A]n ordinary *pro se* litigant, like other litigants, must comply strictly with the summary judgment rules." *Thomas v. Ponder,* 611 F.3d 1144, 1150 (9th Cir. 2010) (citing *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007)).

### b. Patent Infringement

A patent infringement analysis requires two steps. First, the court construes the meaning and scope of the asserted claims of the patents, which is a question of law. *See Freedman Seating Co. v. Am. Seating Co.*, 420 F.3d 1350, 1356-57 (Fed. Cir. 2005). "Second, the court must determine whether the accused product . . . contains each limitation of the properly construed claims, either literally or by a substantial equivalent," which is a question of fact. *Id.* at 1357 (Fed. Cir. 2005).

United States District Court
For the Northern District of California

1  "Literal infringement of a claim exists when every limitation recited in the claim is found in the

2  accused device." *Kahn v. Gen. Motors Corp.*, 135 F.3d 1472, 1477 (Fed. Cir. 1988). "[T]he

3  absence of even a single limitation of [a claim] from the accused device precludes a finding of

4  literal infringement." *Id.* If a specific claim limitation is not literally present in the accused product,

5  a patentee may establish infringement under the doctrine of equivalents by proving that the accused

6  product "performs substantially the same function in substantially the same way to obtain the same

7  result." *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605, 608 (1950) (quotation

8  omitted); *Warner-Jenkinson Co. v. Hilton Davis Chemical Co.*, 520 U.S. 17, 24-29 (1997)

9  (requiring the equivalence analysis to be performed on a limitation by limitation basis).

10                    **c.  Application**

11            Here, YouTube argues that its accused system does not infringe the '622 Patent either

12  literally or under the doctrine of equivalents because its video sharing system does not include at

13  least four claim limitations, as construed by the court, that are required by every claim of the '622

14  Patent.  Specifically, YouTube asserts that its accused system: (1) does not prevent a user's remote

15  device from accessing the first or second system tiers; (2) does not organize video data files by

16  category or index them in master files within the second tier; (3) does not restore or repair corrupt

17  temporary video data files; and (4) does not prevent bidirectional flow of video files between the

18  system tiers.  Further, YouTube asserts that its accused system does not include a hardware device,

19  which is required by claims 10 and 12 of the '622 Patent.  YouTube argues that YouTube's system

20  does not infringe under the doctrine of equivalents because there is nothing equivalent to the

21  required features of the '622 Patent, e.g., there is no error detection and correction system or means

22  for preventing user access to the first and second tiers, in its video sharing system.

23            Moreover, YouTube argues that it does not induce or contribute to infringement of the '622

24  Patent because "there can be no indirect infringement without direct infringement." *Akamai Techs.,*

25  *Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301, 1308 (Fed. Cir. 2012) (en banc).

26            In opposition to YouTube's motion, Nomura filed a document titled: "Plaintiff's Reply to

27  Declaration of Any Berkheimer in Support of [YouTube's] Motion for Summary Judgment of Non-

28  Infringement."  Dkt. No. 126.  In this filing, Nomura generally alleges that he "has the right to

exclude any other 'Video on Demand Business' Methods and Process on the Internet." *Id.* at 2.
Nomura then accuses YouTube's "methods and processes of their business" as "clearly infringing"
the '622 Patent, but he does not compare the claims of the '622 Patent to the accused product. *Id.*
Nearly a month after YouTube's Reply, Nomura filed another document with the court, titled:
"[YouTube] is clearly infringing the '622 Patent. Respectfully Submit to Court Plaintiff's Proof of
Evidence and the Fact of the Truth From YouTube Dkt [122]." Dkt. No. 137. In this filing,
Nomura states that he agrees with the court's claim construction order. *Id.* at 4. Nomura then
directs the court to a power point slide showing the three tiers of YouTube's video sharing system
and states: "The above Power Point Slide shows clearly that 'YouTube' is infringing the '622
[P]atent." *Id.* at 7-8. Again, Nomura fails to compare the claims of the '622 Patent to the accused
product. Nomura fundamentally fails to engage in a patent infringement analysis, which requires a
limitation by limitation comparison of the asserted patent claims to the accused product. Each and
every claim limitation *must* be present in the accused product for the product to infringe. While the
power point slide generally depicts the three tiers of servers in YouTube's video sharing system, it
does not show the existence of all of the required claim limitations as construed by the court.

YouTube has provided evidence to the court showing that its accused video sharing system
lacks at least five essential features of every asserted claim of the '622 Patent. Even viewing
Nomura's filings as liberally as possible, the court concludes that Nomura has not shown a genuine
issue of fact to preclude summary judgment of noninfringement, either literally or under the
doctrine of equivalents. In the absence of direct infringement, there can be no claim for indirect
infringement. *Akamai*, 692 F.3d at 1308.

### III. ORDER

For the foregoing reasons, the court GRANTS YouTube's motion for summary judgment of
noninfringement and DENIES YouTube's motion to dismiss for failure to prosecute as moot.

Dated: September 12, 2013

_____
Howard R. Lloyd
United States Magistrate Judge

United States District Court
For the Northern District of California